# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>Marsha Kay Holloway | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)<br>) USDC Case Number:  CR-16-00509-001 YGR<br>) BOP Case Number:  DCAN416CR00509-001<br>) USM Number: 62244-018<br>) Defendant's Attorney:  Harris Taback (Appointed) |

**THE DEFENDANT:**

☑ pleaded guilty to counts: <u>One through Six of the Information</u>

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1349 | Conspiracy to Commit Wire Fraud | 3/31/2012 | 1 |
| 18 U.S.C. §§ 1343 | Wire Fraud | 12/16/2011 | 2 |
| 18 U.S.C. §§ 1343 | Wire Fraud | 12/30/2011 | 3 |
| 18 U.S.C. §§ 1343 | Wire Fraud | 12/30/2011 | 4 |
| 18 U.S.C. §§ 1343 | Wire Fraud | 1/5/2012 | 5 |
| 18 U.S.C. §§ 1343 | Wire Fraud | 1/13/2012 | 6 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s)  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/13/2018
Date of Imposition of Judgment

Signature of Judge
The Honorable Yvonne Gonzalez Rogers
United States District Judge
Name & Title of Judge

1/10/2019
Date

DEFENDANT:  Marsha Kay Holloway
CASE NUMBER:  CR-16-00509-001 YGR

# PROBATION

The defendant is hereby sentenced to probation for a term of: <u>5 years.</u>  This term consists of 5 years on each of Counts One through Six, all such terms to run concurrently.

The appearance bond is hereby exonerated.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

## MANDATORY CONDITIONS OF SUPERVISION

1)      You must not commit another federal, state or local crime.

2)      You must not unlawfully possess a controlled substance.

3)      You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of the commencement of probation and at least two periodic drug tests thereafter, as determined by the court.

         ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)   ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5)   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6)   ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

7)   ☑   You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8)      You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9)      If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10)      You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page**.**

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____          _____
              Defendant                                                    Date

              _____          _____
              U.S. Probation Officer/Designated Witness              Date

## SPECIAL CONDITIONS OF SUPERVISION

1.      You must not maintain a position of fiduciary capacity without the prior permission of the probation officer.

2.      You must pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of probation.

3.      You must not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

4.      You must provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

5.      You must not possess or have access to financial information, business or financial records, access devices, or bank account information of any person, employer, or any other person or entity with whom you are working, without the prior permission of the probation office.

6.      You must participate in the Location Monitoring Program as directed by the probation officer for a period of 12 months, and be monitored by Location monitoring technology at the discretion of the probation officer. Location monitoring shall be utilized to verify your compliance with home detention while on the program. You are restricted to your residence at all times except for employment, education, religious services, medical appointments, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities pre-approved by the probation officer. You must pay all or part of the costs of the program based upon your ability to pay as determined by the probation officer.

7.      You must participate in a mental health treatment program, as directed by the probation officer. You are to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments must never exceed the total cost of mental health counseling. The actual co-payment schedule must be determined by the probation officer.

8.      When not employed at least part-time and/or enrolled in an educational or vocational program, you must perform up to 20 hours of community service per week as directed by the United States Probation Office.

9.      You must not have contact with any coconspirator in this case, namely Karl Stehlin and Gregory Winters.

10.     You must cooperate in the collection of DNA as directed by the probation officer.

11.     You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; you must warn any residents that the premises may be subject to searches.

DEFENDANT:  Marsha Kay Holloway
CASE NUMBER:  CR-16-00509-001 YGR

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $600 | N/A | Waived | $2,158,250.04 |

☐  The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Marble Bridge Funding Group 1440 Maria Lane, #210, Walnut Creek, CA 94596 | | $2,158,250.04 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | | $2,158,250.04 | |

☑  Restitution amount ordered pursuant to plea agreement $ <u>2,158,250.04</u>

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the.

    ☐  the interest requirement is waived for the  is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Marsha Kay Holloway
CASE NUMBER: CR-16-00509-001 YGR

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐ Lump sum payment of _____ due immediately, balance due

     ☐ not later than , or
     ☐ in accordance with   ☐ C,  ☐ D, or  ☐ E, and/or  ☐ F below); or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal (e.g., weekly, monthly, quarterly) installments of _ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
     **The defendant shall pay to the United States a special assessment of $600. It is further ordered that the defendant shall pay $2,158,250.04 in restitution to Marble Bridge Funding Group. Restitution must be paid in monthly payments of not less than $200 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| CR-17-00023-001 YGR – Karl James Stehlin | $2,158,250.04 | $2,158,250.04 | Marble Bridge Funding Group |
| CR-17-00023-002 YGR – Gregory Scott Winters | $2,158,250.04 | $2,158,250.04 | Marble Bridge Funding Group |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.